IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INDIAN HARBOR INSURANCE )
COMPANY, )
 )
      **Plaintiff,** )
 )
      **v.** )    No. 10 C 3310
 )
REPUBLIC SERVICES, INC., et al., )
 )
      **Defendants.** )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss or, in the alternative, stay. For the reasons stated below, we grant the motion to dismiss and deny as moot the motion, in the alternative, to stay.

## BACKGROUND

Plaintiff Indian Harbor Insurance Company (IHIC) allegedly issued a Pollution and Remediation Legal Liability Policy (Policy) to Defendant Republic Services, Inc. (Republic). In December 2009, residents of Hillside, Illinois filed a lawsuit (Landfill Action) against John Sexton Sand & Gravel Corp., Defendant

1

Allied Waste Transportation, Inc. (AWT), Defendant Allied Waste Industries, Inc. (AWI), and Defendant Congress Development Company (CDC) (collectively referred to as "Landfill Action Defendants"). AWT, AWI, and CDC, are all connected in some manner to Republic. AWI allegedly merged with Republic in 2008 and AWI is allegedly a guarantor of the obligations of AWT, which is allegedly a general partner of CDC.

In the Landfill Action, the plaintiffs are seeking damages against Landfill Action Defendants for allegedly failing to prevent the discharge of gases from a landfill. IHIC brought the instant action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, to resolve whether it has any obligations under the Policy to the Landfill Action Defendants. IHIC includes in its complaint a declaratory relief claim relating to endorsement No. 37 of the Policy regarding exclusions (Count I), a declaratory relief claim regarding coverage of punitive damages (Count II), and a declaratory relief claim relating to other coverage issues (Count III). Defendants now move to dismiss the instant action and move, in the alternative, to stay the instant action.

## DISCUSSION

Defendants argue that this court should, in its discretion, decline to exercise

jurisdiction over the instant action, which is brought pursuant to the Declaratory Judgment Act. Defendants also contend that the court can dismiss the instant action based on the *Colorado River* abstention doctrine. Finally, Defendants request that the court stay the instant action, if the action is not dismissed.

I. Discretion in Adjudicating Declaratory Judgement Act Actions

Defendants argue that the Court should decline to exercise jurisdiction in the instant Declaratory Judgment Act action since IHIC has brought a parallel action in state court. In an action where solely declaratory relief is sought, due to "[t]he discretionary nature of the" Declaratory Judgment Act, "district courts have substantial discretion in deciding whether to declare the rights of litigants and may, in the sound exercise of their discretion, stay or dismiss an action seeking a declaratory judgment in favor of an ongoing state court case." *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010); *Sta-Rite Industries, Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 287 (7th Cir. 1996)(stating that in *Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995), the "Supreme Court has determined that federal courts have discretion whether to accept jurisdiction over a declaratory judgment action if a parallel state court proceeding is pending"); *Medical Assur. Co., Inc. v. Hellman*, 610 F.3d 371, 377-78 (7th Cir. 2010)(stating that "[b]y its terms, the

Declaratory Judgment Act gives the district court the discretion to declare the rights of the litigants").

In *Wilton*, the United States Supreme Court examined its holding in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942), noting that "*Brillhart* indicated that, at least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' . . . if it permitted the federal declaratory action to proceed." 515 U.S. at 283 (quoting *Brillhart*, 316 U.S. at 495); *see also Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 126 (1968)(stating that "a federal district court should, in the exercise of discretion, decline to exercise jurisdiction over a diversity action raising issues of state law when those same issues are being presented contemporaneously to state courts"). Under what is known as the "*Wilton/Brillhart* abstention doctrine," a court can abstain from exercising jurisdiction "in a diversity case where a declaratory judgment is sought and a parallel state proceeding also exists." *Envision*, 604 F.3d at 986; *see also R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 715 (7th Cir. 2009)(stating that a court can "dismiss or stay an action under the *Wilton/Brillhart* doctrine where solely declaratory relief is sought"). Two actions are deemed to be parallel actions "when substantially the same parties are contemporaneously

litigating substantially the same issues in two fora." *Envision*, 604 F.3d at 986-87.

Defendants contend that after the Landfill Action was initiated, IHIC and its sister company Greenwich Insurance Company filed a declaratory judgment action in Illinois state court (State Court Declaratory Action). In the State Court Declaratory Action, the named defendants are John Sexton Sand & Gravel Corp. (Sexton), Congress, AWT, and AWI. Thus, three of the four defendants in the State Court Declaratory Action are Defendants in the instant action. Republic is the only Defendant in the instant action not named in the State Court Declaratory Action, and Defendants indicate that Republic has filed a motion to intervene in the State Court Declaratory Action. IHIC is a plaintiff in both the instant action and the State Court Declaratory Action. Thus, substantially the same parties are litigating in both actions. It is not necessary that the parties be identical in both actions for the *Wilton/ Brillhart* abstention doctrine to apply. *Envision*, 604 F.3d at 986.

Defendants contend that substantially the same issues are being litigated in the instant action and the State Court Declaratory Action. IHIC argues that the issues in both actions are entirely distinct because the coverage of the Policy is at issue in the instant action, but, in the State Court Declaratory Action, other, separate policies are at issue. However, as Defendants correctly point out, in the instant action IHIC is not seeking declaratory relief solely in regard to coverage under the Policy. IHIC has

5

included a separate count in its complaint seeking a declaration regarding whether there is an exclusion of coverage to the extent that Defendants are covered by other insurance policies. (Policy Par. 30(i)). Thus, the declaratory relief sought in the instant action requires an examination of coverage under the insurance policies which are at issue in the State Court Declaratory Action. Defendants also point out that in the State Court Declaratory Action, they have filed counterclaims, seeking, among other things, a declaration that other policies issued, including the Policy at issue in the instant action, provide coverage for the defense in the Landfill Action. Both the instant action and the State Court Declaratory Action involve coverage issues regarding the defense in the Landfill Action. Thus, Defendants have shown that substantially the same issues are being litigated in both the instant action and the State Court Declaratory Action.

Defendants also point out that the State Court Declaratory Action, in which Republic is seeking to intervene, is a more comprehensive action than the instant action. For example, the State Court Declaratory Action involves more policies and includes claims for damages as well as for declaratory relief. Judicial efficiency would be best served if the issues in the instant action are resolved in the State Court Declaratory Action. Allowing the issues to be resolved solely by the state court will also avoid the risk of inconsistent rulings concerning the same insurance policies.

Thus, it would be appropriate for this court, in its discretion, to abstain from hearing the instant Declaratory Judgment Act action. As explained below, a dismissal under the *Colorado River* abstention doctrine would also be appropriate.

II. *Colorado River* Abstention Doctrine

Defendants also argue that the Court should abstain from exercising jurisdiction in the instant action under the *Colorado River* abstention doctrine. Although federal courts have "a 'virtually unflagging obligation' to exercise the jurisdiction conferred on them by Congress . . . in 'exceptional' circumstances, a federal court may abstain from hearing a suit . . . as a matter of 'wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation.'" *AAR Intern., Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 517 (7th Cir. 2001)(quoting in part *Colorado River Water Cons. Dist. v. United States,* 424 U.S. 800, 817 (1976))(stating that "only the clearest of justifications will warrant dismissal of the federal action in deference to a concurrent state proceeding in the name of wise judicial administration"). Actions are deemed to be parallel actions under the *Colorado River* abstention doctrine "'if substantially the same parties are litigating substantially the same issues simultaneously in two fora.'" *Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d 896, 898

(7th Cir. 1999)(quoting in part *Schneider Nat'l Carriers, Inc. v. Carr,* 903 F.2d 1154, 1156 (7th Cir. 1990)). In determining whether to abstain under the *Colorado River* abstention doctrine, the court should consider factors such as: "(1) the identity of the court that first assumed jurisdiction over the property; (2) the relative inconvenience of the federal forum; (3) the need to avoid piecemeal litigation; (4) the order in which the respective proceedings were filed; (5) whether federal or foreign law provides the rule of decision; (6) whether the foreign action protects the federal plaintiff's rights; (7) the relative progress of the federal and foreign proceedings; and (8) the vexatious or contrived nature of the federal claim." *Id.* (stating that "[t]he decision to abstain is based on an assessment of the totality of the circumstances, and the Supreme Court has cautioned against placing too much weight on any specific factor").

As explained above, Defendants have shown that the State Court Declaratory Action is a parallel action. In regard to the order of the filing of the actions, the State Court Declaratory Action was initiated before the instant action. The State Court Declaratory Action is a more comprehensive action since it involves more parties and policies connected to the Landfill Action, and the State Court Declaratory Action includes damages claims rather than only claims for declaratory relief. Dismissing the instant action in order to allow all related issues to be resolved in one comprehensive action will prevent IHIC from engaging in piecemeal litigation and

8

the waste of judicial resources. Resolving all issues in the State Court Declaratory Action will also eliminate the possibility of inconsistent rulings as to the policies at issue in regard to the Landfill Action. The issues to be decided in the instant action and in the State Court Declaratory Action are governed by state law rather than federal law. Thus, it would also be appropriate under the *Colorado River* doctrine to dismiss the instant action. Therefore, based on the above, we grant the motion to dismiss. Since we are dismissing the instant action, we deny the motion to stay as moot.

## CONCLUSION

Based on the foregoing analysis, we grant the motion to dismiss and deny as moot the motion, in the alternative, to stay.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 10, 2010